## LOUDON THOMPSON v. THE STATE.

1. LIMITATION OF PROSECUTIONS. *Vested right. Repeal of statute.*
   The bar of the Statute of Limitations is a vested right, which cannot be taken away by the repeal of the statute after it has attached.

2. SAME. *Pleading. Demurrer to indictment.*
   The Statute of Limitations cannot be set up by demurrer against an indictment, although on the face of the indictment the prosecution appears to be barred.

3. SAME. *Indictment. Description of statutory offence.*
   An indictment must negative such exceptions as make part of the statutory description of the offence; but the Statute of Limitations is no · part of the offence, and the exceptional facts which take the prosecution out of that statute need not be stated in the indictment.

4. SAME. *How defence availed of. Special plea. Not guilty.*
   The defence of the Statute of Limitations may be made by special plea, in which case the State can reply the facts which take the prosecution out of the statute; or by evidence under the plea of not guilty, in which case the State can prove such facts in rebuttal; and by pleading the statute specially, the accused is not precluded from again relying on the same facts under the plea of not guilty, which puts every thing in issue.

5. SAME. *Two years' bar. Acts 1872, p. 86, construed.*
   The two years' bar provided by the Criminal Procedure Act of April 5, 1872 (Acts 1872, p. 86), does not apply to a prosecution in which the indictment was found in 1870, and accidentally destroyed in 1875; but a conviction on a new indictment found in 1877 will be sustained.

6. Same. *The six months for finding new indictment.*

　　Code 1871, § 2768, allowing six months after an indictment is lost, destroyed or quashed, within which to find another, prolongs the time in cases where, without that statute, the prosecution would be barred, but does not bar in six months prosecutions to which no other limitation applies.

Error to the Circuit Court of Oktibbeha County.

Hon. James M. Arnold, Judge.

The defendant's second special plea was, " that heretofore, prior to April 19, 1875, this defendant was regularly indicted for the identical offence charged in this indictment, and the indictment returned into court according to law ; that he was arrested under a *capias* issuing in said case, and gave bond for his appearance in said case ; but that indictment was lost or destroyed by fire on or about April 19, 1875, and the present indictment was not found within the period of six months after the first indictment was so lost or destroyed, as required by law." The State's demurrer to this plea was sustained.

*C. A. Sullivan*, for the plaintiff in error.

1. The demurrer to the indictment, on the ground that on its face the prosecution was barred by the Statute of Limitations, should have been sustained. Although the offence of grand larceny is not embraced in Code 1871, § 2766, yet the eighth section of the act of April 5, 1872 (Acts 1872, p. 86), varies this law. The only exception provided by § 8 is where the defendant has fled from the State. It is not alleged or proved that this defendant ever fled from the State, but the evidence shows the contrary. The bar having attached, the repeal of the act of 1872 by the act of March 4, 1875 (Acts 1875, p. 79), could not deprive the defendant of such vested right. *Davis* v. *Minor*, 1 How. (Miss.) 183 ; *Garrett* v. *Beaumont*, 24 Miss. 377 ; *Carothers* v. *Hurley*, 41 Miss. 71 ; *Waul* v. *Kirkman*, 25 Miss. 609. The finding of a new indictment after the bar had attached cannot help the matter. The old indictment is destroyed, the old prosecution is dissolved, and this is a new and original proceeding. .

2. The demurrer to the second special plea should have been overruled. More than six months had elapsed after the burning of the old indictment before the new one was found. This, under Code 1871, § 2768, was a complete bar to the suit.

That statute must be so construed under the settled rules of this court. *Green* v. *Weller*, 32 Miss. 650; *Forniquet* v. *West Feliciana Railroad*, 6 How. (Miss.) 116; *Brien* v. *Williamson*, 7 How. (Miss.) 14; *Smith* v. *Halfacre*, 6 How. (Miss.) 582; *Witherspoon* v. *Blewett*, 47 Miss. 570.

*T. C. Catchings*, Attorney-General, for the State.

1. As a matter of fact, the prosecution was not barred by the act of 1872. Until that act no limitation applied to grand larceny; and the section of the act prescribing the limitation was repealed in 1873 (Acts 1873, p. 96), while the indictment in this case, which was found in 1870, was pending; therefore, even if it was error to overrule the demurrer to the indictment, still the verdict should not be disturbed.

2. But the demurrer to the indictment was properly overruled, even if the point therein attempted to be raised was well taken; for a demurrer is not the proper method of pleading the Statute of Limitations to an indictment. If that defence could be raised by demurrer, it would force the State to put into the indictment the facts negativing the bar, which by the rules of pleading is never required. *Commonwealth* v. *Tuck*, 20 Pick. 356; *Hart* v. *Cleis*, 8 Johns. 41; *State* v. *Fuller*, 33 N. H. 259; 25 Conn. 48; 37 Me. 149; 20 Mo. 415; 29 Vt. 66. The Statute of Limitations, when relied on as a defence to an indictment, must either be specially pleaded or availed of by evidence under the general issue. *United States* v. *Cook*, 17 Wall. 168.

3. The demurrer to the second special plea was properly sustained. Sect. 2768 Code 1871 is not a statute of limitations, but was enacted for the benefit of the State, and not of the accused. It applies only in those cases where without it the prosecution would be barred, but does not create a bar where none was before. It can never be set up as a bar, except in a case where more than two years have elapsed since the commission of the offence, and *also* more than six months since the destruction of the first indictment; and in prosecutions not limited by § 2766 it has no application.

CHALMERS, J., delivered the opinion of the court.

The plaintiff in error was indicted and convicted of grand larceny. The offence was alleged in the indictment to have

been committed on Jan. 10, 1870; and the indictment, upon which the conviction was had, was found in November, 1877, more than seven years afterwards. Under the general law (Code of 1871, § 2766) no period of limitation was provided for prosecutions for larceny; but by the eighth section of the act of April 5, 1872, it was provided "that all prosecutions for criminal offences heretofore committed, shall be commenced within two years after the commission thereof, and not after; provided this section shall not apply to any case in which the offender shall have fled from the State." Acts 1872, p. 89, § 8. This act was repealed on March 4, 1875 (Acts 1875, p. 79); but, inasmuch as the offence charged in this case was committed prior to April 5, 1872, and was, therefore, apparently covered by its terms, a subsequent repeal of that statute, more than two years after the commission of the crime, could not take away the complete defence, which, by the act, would have become vested, if that act was applicable.

For the purpose, therefore, of testing the question whether the act of April 5, 1872, was applicable, the defendant below demurred to the indictment, upon the ground that upon its face it charged the commission of a crime at a period more than two years anterior to the date of its own finding. Could the question be thus raised? Can the Statute of Limitations be set up against an indictment by demurrer? We think not; although the authorities on the point are conflicting. No useful purpose can be subserved by it, the analogies of the law are against it, and great inconveniences may result from allowing it. No useful purpose can be promoted, because the defence may be made by special plea, or by proof under the general issue of not guilty; either one of which is equally efficacious and more convenient. There is no such thing known in an action at law as setting up the Statute of Limitations by demurrer, though it was in very early times said to be unnecessary to plead it specially. *Brown* v. *Hancock*, Cro. Car. 115; *Shervin* v. *Cartwright*, Hutt. 109. Certainly it is universally now held in civil suits that the Statute of Limitations must be pleaded; and, if not specially pleaded, it is held to be waived. In criminal law the rule is different, and by his plea of not guilty the accused puts every thing in issue. Even should he plead the Statute of Limitations specially, he could avail of the same

defence again under his plea of not guilty, and would have the right to produce his proof and demand instructions appropriate to it. In no event, therefore, can any injustice be done by denying the right to raise the question by demurrer. If, on the other hand, it be permitted, how shall the representative of the State meet such an attack? It may be that the offence, though apparently, is not actually, barred. For instance, the indictment upon which the arraignment is made may be one newly found, in lieu of an older one which has been destroyed under circumstances that justify the presentation of a new one; or the accused may have been a fugitive from justice, and therefore not entitled to avail himself of the Statute of Limitations. Shall it be said that the indictment should state the facts which negative the bar that would otherwise attach? It is often difficult to determine when an indictment under a statute defining an offence, and containing exceptions, should by express averment negative the exceptions, and when they may be omitted and left to the defendant to set up by plea. It may be said generally, that, where the exception is so engrafted in the enacting clause of the statute that the offence cannot be described without meeting and negativing the exception, it must always be set out in the indictment; but that where the exception is contained in some other statute, or is clearly separable from the offence, and the crime may be described without reference to the exception, then the latter is a matter of defence, and need not be mentioned in the indictment. *Steel* v. *Smith*, 1 Barn. & Ald. 94; *State* v. *Abbey*, 29 Vt. 60; 1 Bishop Crim. Proc. § 631 *et seq.*; *United States* v. *Cook*, 17 Wall. 168.

A statute of limitations is never part of an offence, but always a matter of defence; nor is any allusion to time contained in our statutes relative to grand larceny. It will be time enough, therefore, for the district attorney to plead the exceptions to the statute when the statute itself has been pleaded by the accused. No sound rule of pleading can require him, in preferring the indictment, to anticipate the defence, and negative it by setting forth the facts which render it unavailing. If the accused pleads the statute specially, the representative of the State, by a replication, will plead the exceptional facts which deprive the defendant of its

protection ; or if the defendant, under the plea of not guilty,
invokes the protection of the statute by proof, and by instruc-
tions asked, the district attorney will in the same manner
claim the benefit of the exception.    Such a mode of pro-
cedure is simple, free from all difficulties, and can work no
harm to the accused.   This was the method adopted in this
case in the court below.   After the overruling of the de-
murrer, the trial proceeded under the plea of not guilty,
when the fact was developed that the indictment upon which
the accused was arraigned was not the first which had been
found against him for the same offence, but was in lieu of one
which had been found in 1870, and had been accidentally de-
stroyed by fire in 1875.   The two years' bar, therefore, created
by the act of April 5, 1872, had never attached to the case;
because that act applied only to offences previously committed,
in which no prosecutions had been commenced, whereas the
accused here was actually under indictment before the pas-
sage of that act, and so continued until after its repeal.   As
to his offence there was no bar.

By § 2768 of the Code of 1871, it is provided that " when
an indictment shall be lost or destroyed or quashed, . . . the
further time of six months from the time when such indictment
shall be lost, destroyed, quashed, &c., . . . shall be allowed for
the finding of a new indictment."    More than six months
elapsed, in this case, between the destruction of the first and
the finding of the second indictment.   Does this render it in-
valid ?   We think not.   The statute quoted does not constitute
a period of limitation where none exists, but is only a prolon-
gation of the time where there is an existing statutory period.
Whenever there is a period of limitation prescribed, and an
indictment has been lost, destroyed or quashed, six months
additional is given within which to find a new one; but if the
offence committed is one of that class for the prosecution of
which no bar is established, the destruction of the indictment
certainly cannot have the effect of creating the summary bar of
six months from the date of the destruction.   This would
make the destruction of the original indictment a great benefit
to the accused, whereas the only object of the statute was to
give to the State, in cases where there was an existing limita-
tion, further time for the presentation of a new indictment

after the destruction of the old one. There was no error, therefore, in sustaining the demurrer of the State to the special plea of the defendant, nor do we discover any in the record generally.                              *Judgment affirmed.*