(23 Misc. Rep. 426.)

PEOPLE v. LINDENBORN.

(Supreme Court, Criminal Term, New York County.    November, 1897.)

1. AUCTIONEER—EVIDENCE OF MOCK SALE.
    Evidence that an auctioneer was accustomed to striking off goods to a fictitious name, representing himself, is not evidence that he sold a China plate to himself, under a fictitious name, at public auction.

2. GRAND JURY—EVIDENCE—PRESUMPTION OF INNOCENCE.
    Evidence before the grand jury must clearly overcome the presumption of innocence, before an indictment can properly be found.

3. AUCTIONEER—EVIDENCE OF MOCK SALE.
    A witness' evidence that an auctioneer on one occasion knocked down a set of China plates to one L., not shown to be a fictitious person, and that the witness afterwards took one of these plates to the auctioneer's

house, and left it there, is insufficient to convict him of selling the same to himself under a fictitious name, without more.

4. INDICTMENT—STATUTE OF LIMITATIONS.

Code Cr. Proc. § 142, declares that an indictment for a misdemeanor must be found within two years after its commission; and section 143 provides that no time during which the accused is a nonresident is to be deemed a part of the limitation. *Held*, that the statute is peremptory, and that, before a grand jury can indict, it must be shown that the statute of limitations has not run against the crime.

David Lindenborn was indicted for a mock auction sale, and moves to dismiss the indictment. Motion granted.

Vernon M. Davis, for the People.

Blumenstiel & Hirsch (F. L. Wellman, of counsel), for defendant.

FURSMAN, J. The defendant is charged by indictment with having violated section 443 of the Penal Code, relating to mock auctions. A motion is now made on his behalf to dismiss the indictment on the ground that the evidence presented to the grand jury was insufficient to authorize it. The motion must be granted. There was illegal evidence received by the grand jury, of such a character that it may well have influenced that body towards finding an indictment upon the specific charge made. The charge being that the defendant unlawfully sold at public auction a China plate, in violation of section 443 of the Penal Code, by selling the same to himself under a fictitious name, evidence was received by the grand jury, and presumably considered by it, to the effect that he was in the habit of committing this offense by striking off goods to the name "Lohring"; that being a fictitious name, representing himself. This evidence was clearly improper. No one should be indicted because accustomed to commit crime, nor should evidence of such fact be permitted to influence the mind upon a question whether a particular crime has been committed. Only legal evidence can properly be received by the grand jury. Code Cr. Proc. § 256. It is perhaps true that an indictment may properly be found when there is sufficient legal evidence to authorize it, notwithstanding improper evidence has also been received; but in this case it is apparent, I think, that the grand jury must have given weight to the improper evidence presented, and acted upon it, in the final determination reached.

There was not sufficient legal evidence to authorize the finding of this indictment. The only legal evidence before the grand jury was that of one O'Gorman, who testified that he was formerly an employé of the defendant; that "on one occasion a set of plates was knocked down to Lohring"; and that he (the witness) afterwards took one of these plates to the defendant's house, and left it there. Eliminating the illegal evidence above referred to, there is nothing whatever showing or tending to show that Lohring was a fictitious person, or that that name represented the defendant, nor that the plates were sold by the defendant to himself under that name. That one of these plates was afterwards taken to defendant's house, and left there, is a fact as consistent with innocence as guilt. It did not even appear that this was done at his instance. It

may well be, so far as any legal evidence before the grand jury is concerned, that the plates were struck off to a real bidder, who afterwards presented the defendant with one, or sent it to his house, without his knowledge. The presumption of innocence prevails as much in the grand jury room as elsewhere, and the evidence before that body must be such as to clearly overcome that presumption, before an indictment can properly be found. It is therefore clear to my mind that the grand jury must have given effect to the illegal evidence received, inasmuch as without it there is no evidence that Lohring and defendant were one and the same person, nor that the defendant struck off the plates to himself. The legal evidence received does not indicate a crime. It is only by supplementing it with the improper and illegal evidence that it is made to appear that a crime has been committed.

There is, in my opinion, another reason for granting this motion. There was no evidence before the grand jury of the time of the commission of the crime charged. Section 142 of the Code of Criminal Procedure declares that "an indictment for a misdemeanor must be found within two years after its commission." The only exception to this requirement is found in section 143, which provides that no time during which the accused is not an inhabitant of, or usually resident within, the state, or usually in personal attendance upon business within the state, is to be deemed a part of the limitation. A grand jury is not authorized to find an indictment for a misdemeanor after the lapse of two years from the time of its commission, unless it is made to appear by the evidence before it that some one of the exceptions stated in section 143 exists. The first inquiry must be, was the crime committed within two years? If it was not, there is but one remaining inquiry: Was the defendant during any portion of that time not an inhabitant of, or usually resident within, the state, or usually in personal attendance upon business within the state? If the crime was committed more than two years before the case is presented to the grand jury, and nothing appears to take it out of the operation of the statute, I do not think an indictment can properly be found. A person cannot properly be indicted for an offense of which the law cannot take cognizance, and under section 142 the law cannot take notice of an offense committed before the time limited by that section, unless the case is within some one of the exceptions specified in section 143. The statute is peremptory. The indictment "must" be found within the time limited, unless the case falls within the exceptions stated. The grand jury may not find an indictment simply because a crime has been some time committed, but only when it has been committed within the prescribed time, unless it appears by the evidence before it that, although committed before the prescribed time, the statute has not run against it. This necessitates proof either that the crime was committed within the time limited, or that some fact exists by reason of which the operation of the statute had been suspended. If it appears to have been committed beyond the limited time, it is, in judgment of law, as if no crime has been committed; and the grand jury is bound to so regard it, unless it also appears that, because of

some one of the exceptions stated in section 143, it is not barred. To constitute a crime at all, of which the law can take notice, it must have been committed within the statutory time, or the exception must exist; and, unless there is proof of one or the other of these facts, the grand jury cannot legally act. In People v. Lord, 12 Hun, 282–287, it is said that "a statute limiting the time within which indictments must be found is a surrender by the state of its right to try and punish criminal offenses at its discretion, without limit as to time." In People v. O'Donnell, 46 Hun, 358, a demurrer had been interposed to an indictment charging a misdemeanor. The demurrer was sustained on appeal to the general term of the Fourth department; the court declaring that, because more than two years had elapsed since the commission of the offense charged, the defendant could not be reindicted, and must therefore be discharged. The cases of U. S. v. Cook, 17 Wall. 168, and People v. Durrin, 2 N. Y. Cr. R. 328, turned upon a question of pleading, and simply hold that a statute of limitations cannot be taken advantage of by demurrer. That is quite different from saying that a grand jury may declare by its indictment that a punishable crime has been committed, without evidence that the crime alleged is one that can be punished according to existing law, at the time the indictment is found. Considered as a pleading, the indictment need not state the precise time of the commission of the offense. It is sufficient if it is charged to have been committed prior to the indictment. Code Cr. Proc. §§ 280–284. And, if it appears upon the face of the indictment that it was committed more than the limited time before indictment found, it is not for that reason bad, because the facts which take the case out of the operation of the statute may be proved on the trial without pleading them. But a grand jury has to determine from the evidence before it whether a crime for which the person charged can be punished has been committed; and this cannot be done unless there is evidence either that the crime was committed within the time limited for finding an indictment, or evidence bringing the case within the exceptions specified in section 143. I cannot subscribe to the proposition that pleadings in respect to the statute of limitations are the same in criminal as in civil actions, or that the same rules apply. Though the statute of limitations has run against a debt, it is not thereby extinguished. It may be revived by a payment upon it, by a written promise to pay it, etc. Nor can the statute be made available unless it is affirmatively pleaded. If not pleaded, it is deemed to be waived. But, when once the statute has run against the finding of an indictment for crime, the crime is extinguished. It cannot be revived or waived. Nothing can be waived in a criminal action, except by a plea of guilty. In People v. Lord, 12 Hun, 282, the court say:

"The two classes of statutes, however, are essentially different. In civil suits the statute is interposed by the legislature as an impartial arbiter between two contending parties. * * * But it is otherwise when a statute of limitation is granted by the state. Here the state is the grantor surrendering, by act of grace, its right to prosecute, and ordering the offense to be no longer the subject of prosecution."

I am persuaded that there must be some evidence before the grand jury showing that the right to prosecute exists, before an indictment can properly be found. It must be shown that the statute of limitations has not run against the crime, either by proof that it was committed within the statutory time, or that the case is within the statutory exceptions. An alleged offender, when the statute of limitations has run against the offense charged, may confidently cease to preserve the proofs of his innocence, "for the proofs of his guilt are blotted out."