· MURPHY HATTON *v.* STATE OF MISSISSIPPI.

[46 South., 708.]

1. CRIMINAL LAW AND PROCEDURE. *Seduction. Code* 1892, § 1004. *Code* 1906, § 1081.

Under Code 1892, § 1004, Code 1906, § 1081, making the seduction of a female child under the age of eighteen years, of previous chaste character, a crime, sexual intercourse with a female child who is already unchaste is not seduction, since the same man cannot seduce the same woman within the meaning of the statute more than once.

2. SAME. *Code* 1892, § 1342; *Code* 1906, § 1414. *Limitation of prosecution.*

Successive acts of sexual intercourse between a man and a woman do not constitute separate seductions, and a prosecution for the seduction of a female child under eighteen years of age, of previous chaste character, must be commenced within two years from the time the woman first yielded her person to defendant, under Code 1892, § 1342, Code 1906, § 1414; providing that all criminal prosecutions, save certain excepted felonies, seduction not being one of them, shall be commenced within two years after the commission of the offense.

3. SAME. *Not necessary to plead specially.*

It is unnecessary to plead specially the statute of limitation to an indictment for crime, since under a plea of not guilty the state must show an offense committed within the statutory period.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Hatton, appellant, was indicted and tried for the seduction of his niece, Rovella Hatton, a female child under the age of eighteen years, was convicted, sentenced to the penitenitary for ten years; and appealed to the supreme court.

The opinion of the court states the facts. Code 1906, § 1414, cited in the opinion, provides that a person shall not be prosecuted for any offense, excepting certain enumerated felonies, seduction not being one of them, unless the prosecution be commenced within two years next after its commission. Code 1906, § 1415, prescribes that a prosecution may be commenced, within the meaning of the code section, by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, or by affidavit or indictment.

*J. T. Garraway* and *W. G. Evans,* for appellant.

The appellant was indicted under Code 1906, § 1081 (Code 1892, § 1004), which provides that any person who shall seduce and have illicit connection with any female child under the age of eighteen years, of previous chaste character, shall, upon conviction, be imprisoned in the penitentiary for not more than ten years. Under Code 1906, § 1414 (Code 1892, § 1342), a prosecution for an offense under such section must be commenced within two years after the commission of the crime. The indictment, which was found against appellant on September 7, 1907, alleges that the appellant, on a day unnamed in the year 1907, seduced a female child, Rovella Hatton, under the age of eighteen years at the time of seduction. The undisputed evidence shows that the girl was seduced on June 15, 1905, more than two years before the finding of the indictment. It is true that there is evidence that appellant, after the original seduction, had successive acts of intercourse with the girl at sundry times until December, 1906, but certainly each successive act was not a separate seduction.

Since more than two years elapsed between the date of seduction, that is, the first act of intercourse, and the subsequent indictment of appellant, the bar of Code 1906, § 1414, applies, and the judgment of the court below must be reversed.

`George Butler*, assistant attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

This was an indictment and conviction for seduction. It is only necessary for us to say that by Code 1906, §§ 1414 and 1415, which are the same as Annotated Code 1892, §§ 1342 and 1343, this prosecution is clearly shown to have been commenced more than two years after the commission of the crime, and the conviction is therefore of no force. *Thompson* v. *State,* 54 Miss., 740. The seduction occurred more than two years before the indictment was found. The proof is conclusive that it took place on June 15, 1905, and the indictment was not found until September 7, 1907, more than two years afterwards. There is no escape from the bar of the statute of limitations of two years—Code 1906, § 1414— on the face of the record, and while it is true that after the original seduction there were successive acts of coition up to December, 1906, still each successive act was not a separate offense of seduction. In *Norton* v. *State,* 72 Miss., on page 136, 16 South., on page 267, 48 Am. St. Rep., 538, the court, through WHITFIELD, J., now Chief Justice, announces what we regard as the only sensible rule in these words: "She who is, at the time of the alleged seduction, already unchaste, may be still further debauched, but not seduced." This is the true rule. Rapes may be perpetrated in multiples, but there can never be but one seduction, under Code 1906, § 1081, by the same man of the same woman.

It must be specially noted that the *Norton case* was an indictment under what is now Code 1906, § 1372, against carnal knowledge under promise of marriage, and not section 1081, as in the case at bar. This effectually disposes of *People* v. *Mills*

*paugh,* 11 Mich., 278. That case was one of seduction under promise of marriage in 1860, and coition ceased for months, and was renewed in 1861 under reliance on a new promise of marriage. Even in that case MARTIN, J., dissented, and the court was dealing with a statute without the words "of previous chaste character" which appear in our statute. It is held that under charges of seduction the words "of previous chaste character" mean what the woman really is, not what she is reputed to be. *People* v. *Nelson,* 60 Am. St. Rep., notes on page 597. They mean "actual personal virtue, in distinction from good reputation, and therefore a single act of illicit connection may be shown." *Lyons* v. *State,* 52 Ind., 427. The subsequent sexual intercourse between the parties, brought about by the repetition of the same promise, cannot be deemed seduction, where, under the statutory definition of that crime, it is necessary that the female shall be of previous chaste character." *People* v. *Nelson,* 153 N. Y., 90, 46 N. E., 1040, 60 Am. St. Rep., 592. It would be curious, indeed, if the legislature designed, not only ten years in the penitentiary for the first monstrous act of seduction, but also ten years in the penitentiary for each subsequent act of copulation. Suffice it to say that it has not said so, and our function is to pronounce the law on penal statutes, and not enlarge their scope to meet what we may think to be the gravity of the particular offense. We cite 87 Am. Dec., 406 and 407, being the notes to *State* v. *Carron,* 18 Iowa, 372, in support of the foregoing propositions.

It was not incumbent on the defendant to show, not only that the prosecution was barred from the whole testimony, as is plain, but also to help the state by some plea or some averment in the progress of the trial that he was depending on the statute of limitations. *Thompson* v. *State,* 54 Miss., 740, is directly opposed to this view. Of course, the bar is matter of defense, and that case simply so holds. It holds properly that this cannot be taken advantage of by demurrer to the indictment, and it holds, also, that it may be taken advantage of by special plea, and it holds

that "in criminal law the rule is different [meaning from the common-law rule in civil cases], and by his plea of not guilty the accused puts everything in issue. Even should he plead the statute of limitations specially, he could avail of the same defense again under a plea of not guilty." And that case shows that the evidence demonstrated that the indictment was not barred. The state must necessarily prove that the offense was committed on a day within the statutory bar of limitation. Mr. Bishop, in his work on Statutory Crimes (3d ed., § 264), says: "One relying on a statute of limitations need not plead it in bar. The prosecuting power is required to show an offense within the period of limitations." He refers to many authorities, but not one that changes this rule. This has been the understanding always within the recollection of the writer of this opinion, and we think it sound doctrine, and it is approved in 12 Cyc., p. 382, in the following words: "The prosecution also has the burden of proving that the offense was committed after the passage of the statute or ordinance providing for its punishment, and that it was committed with the statutory period of limitations, and if this is not done a conviction will be reversed."

There is some oral testimony that the man had to appear before the court of a justice of the peace after June 5, 1907, when the doctor ascertained that the woman was pregnant; but we cannot on this general statement presume that this happened within the time which would expire on June 15, 1907, so as to show that the statute of limitations did not apply—that is, assume as a court that the proceedings, if there were any, before the justice of the peace, occurred within ten days after Dr. Rowan's examination, which he says occurred on June 5, 1907. We decline to do this for the reason stated, and "in *favorem libertate*" adhere to the doctrine that, where there is a limitation by statute, the state must show that the crime was committed within the bar.

*Reversed and remanded.*