# SUPREME COURT — EXTRAORDINARY TERM — NEW YORK.

## April, 1918.

## THE PEOPLE v. FRANK BAILEY et al.

### (103 Misc. 366.)

CODE CRIM. PRO., §§ 142, 143

The Code of Criminal Procedure must be construed liberally in order to systematize and co-ordinate the practice and proceedings in criminal actions.

Sections 142 and 143 of said Code, which prescribe the time within which indictments shall be found, must be construed together.

SAME—INDICTMENT—" MUST."

In the provision of section 142 of said Code, that "An indictment for a misdemeanor must be found within two years after its commission" the word "must," in order to conform to the provision of section 143 of said Code that an indictment may be found after the two years when the defendant is without the State, should be qualified as if the provision read, "An indictment must be found except as hereinafter provided," etc.

SAME—STATUTE OF LIMITATIONS.

Where there is sufficient legal evidence to sustain an indictment, a motion to dismiss on the ground that the Statute of Limitations is a bar to the prosecution of the crime charged will not lie, as it was not incumbent upon the grand jury to hear evidence on that point.

SAME.

The defendant in a criminal action, under a plea of not guilty, may show that the indictment was found after the Statute of Limitations had barred a prosecution of the crime charged.

MOTION to dismiss indictments.

*Perkins & Train,* (*Charles Albert Perkins,* of counsel), for defendant Bailey.

*John B. Stanchfield,* for defendant Reynolds.

*Oeland & Kuhn (I. R. Oeland, of counsel), for defendant Greve.*

*O'Gorman, Battle & Vandiver (James A. O'Gorman and George Gordon Battle, of counsel), for defendant O'Malley.*

*Edward Swann, District Attorney (William Harmon Black, Robert S. Johnstone, George H. Turner, Edwin P. Kilroe, Assistant District Attorneys, of counsel), opposed.*

GOFF, J.:

An inquiry was instituted by the grand jury into certain acquisitions of land by the city of New York for public purposes regarding which complaint had been made that the city had been defrauded. This inquiry continued for several months, during which a large number of books and records and witnesses were examined and many hundreds of pages of testimony taken.

Several indictments were found, among them being the one at bar charging the defendants with conspiracy. Permission to inspect the minutes of the grand jury was granted, on which each defendant moved to dismiss the indictment on several grounds, but one of which will now be considered, and that is that the Statute of Limitations interposes a bar to the prosecution of the defendants for the crime charged.

The conspiracy is alleged to have continued until July 19, 1913, on which date the last act in pursuance thereof was committed. On October 22, 1917, the indictment was filed, thus showing that more than four years elapsed between the commission of the crime and the finding of the indictment. At common law there was no limitation of time for the prosecution of offenses except in specified cases (Bish. Stat. Crimes, § 257; 1 Chitty Crim. Law, 160; Arch. Cr. Pl. [24th ed.] 89), and statutory remedies for rights unknown to the common law must be construed strictly as to the methods to be pursued. The first

expression of legislative will on the subject in this State declared that an indictment for any crime or misdemeanor (except murder) " shall " be " exhibited " within three years after the offense committed, and if indictment be " brought or exhibited " after the time so limited it " shall be void." (Laws of 1788, chap. 43, pp. 82-86; 2 Jones & Varick, 265.) It will be observed that no exception to the running of the statute was specified, and to cure the omission it was at a subsequent session enacted in " explanation " of the law concerning the limitation of criminal prosecution that such limitation " shall " not apply " unless such person shall have been an inhabitant of or usually resided within some part of this State  *  *  *  for and during three years " after the commission of the offense. (Laws of 1790, chap. 55, p. 45.) These two acts, while passed at different sessions of the Legislature and one " explanation " of the other, must be construed as one act, with its several parts and clauses mutually acting on each other. With some slight changes in phraseology these provisions were retained in the Revised Laws of 1801 (1 Kent & Radcliff, 562, 565) and the Revised Laws of 1813 (1 Van Ness & Woodworth, 184, 187), but in the revision of 1828 they were more concisely expressed and were condensed into one section, omitting, however, the clause that an indictment found after the time prescribed should be void. (2 R. S. 726, § 37.) This omission was purposeful and was not intended as an elimination of redundancy. In the first statute there was a mandate without proviso and a declaration. Later a proviso was engrafted, and if notwithstanding an indictment was found more than three years after the crime was committed it would manifestly be in conflict with the declaration that it was void. There was not a mere change of phraseology which altered the form of expression without affecting the meaning of the substance. There was a repeal of the declaration that an indictment found beyond the time limited by statute was void for the reason that it was in direct conflict with the

proviso which made the application of the statute conditional. The revised statutes contained the latest expressions of legislative will and were not mere compilations of laws previously existing, but a body of law so enacted as to supersede all previously existing laws on the same subjects and omitted therefrom. Such laws ceased to exist even though there were no express words of repeal. In addition to this rule the declaration was by implication repealed because it was in its terms absolute and therefore repugnant to the conditional defeasance of the statute. To declare in one breath that an indictment found after a certain period of time was void while in another permitting under certain conditions an indictment to be found after the period would involve an absurdity. Except for minor changes as to places of residence and periods of limitation fixed for different grades of crime, and the substitution of the word " must " for " shall," the statute so revised and enacted is in force to-day and is expressed in the Code of Criminal Procedure (§§ 141, 142, 143). This Code is not a penal statute, and it must be construed in a liberal spirit in order to effectuate its purpose to systematize and co-ordinate the practice and proceedings in criminal actions. The substitution of the word " must " for " shall," as expressed in the revised statutes, is of no significance. Each is a word of command, and the use of one instead of the other was evidently prompted by a desire for grammatical nicety. Either word may, however, be construed as merely directory where, from a construction of the entire statute and the object sought to be accomplished by it, the intent may be clearly inferred. Such appears to have been the intention of the Legislature (Matter of Rutledge, 162 N. Y. 31; Matter of O'Hara, 40 Misc. Rep. 355), and that is clearly deducible from the history of the act and its successive expressions. Section 142 of the Code reads: "An indictment for a felony, other than murder, must be found within five years after its commission. * * * And an indictment for a misdemeanor must

be found within two years after its commission." Section 143 reads: " If, when the crime is committed, the defendant be out of the State, the indictment may be found within the term herein limited after his coming within the State; and no time during which the defendant is not an inhabitant of, or usually resident within, the State, or usually in personal attendance upon business or employment within the State, is part of the limitation." The construction of this section rests upon its first word " if," which, in the light of the language following, is expressive of a condition or dependence on the happening of some event. It is not an exception in the purview of the statute. It is a proviso engrafted upon its body and the difference is vital on the forms of pleading and proof. Exception excludes, proviso defeats conditionally. The one takes out that which would otherwise be a part of the statute; the other avoids its operation by way of excuse or condition precedent. It is said in Dwarris on Statutes (Potter's Ed., 1871, p. 119) that " there is a known distinction in the law between an exception in the purview of an act and a proviso. If there be an exception in the enacting clause of a statute it must be negatived in pleading; a separate proviso need not, and that although it is found in the same section of the act if it be not referred to and engrafted in the enacting clause." Lord Mansfield said (1 T. R. 141; 8 T. R. 542): " What comes by way of proviso in a statute must be insisted on by the party accused, but where exceptions are in the enacting part of the law it must in the indictment charge that the defendant is not within any of them." This rule is expressed in Archbold's Criminal Practice, 49, and followed in Commonwealth v. Maxwell (2 Pick. 139) and in Spieres v. Parker (1 Term. 141). In Fleming v. People (27 N. Y. 329) Judge EMOTT, writing for the majority of the court, said that " where there was a proviso instead of an exception the defendant was bound to prove the circumstances which took his case without the statute." A very careful consideration of this sub-

ject was given in People v. Stedeker (175 N. Y. 66, 17 N. Y. Crim. 326), where the distinction between an exception " engrafted in the heart of the enacting clause " and a proviso in the body of the statute was clearly pointed out. The opinion by CULLEN, Chief Judge, says: " While the rules of criminal pleading are often technical, still, nevertheless, some of them are very settled. Mr. Wharton states the rule (Crim. Law, 378): ' If provisos and exceptions are contained in distinct clauses it is not necessary to state in the indictment that the defendant does not come within the exceptions or to negative the proviso it contains. * * * For all these are matters of defense which the prosecutor need not anticipate, but which are more properly to come from the prisoner. * * * If the exceptions themselves are stated in the enacting clause it will be necessary to negative them in order that the description of the crime may in all respects correspond with the statute.' Such is the law of this State." In support of this doctrine citations with approval were made by the learned chief judge from the opinions of FOLGER, J., in Harris v. White (81 N. Y. 532), of DANFORTH, J., in Jefferson v. People (101 id. 19) and of O'BRIEN, J., in Rowell v. Janvrin (151 id. 50). Stress is laid upon the case of People v. Lindenborn (23 Misc. Rep. 426) as being a " binding authority " in support of the contention of defendants. It is in no sense a binding authority, for the question of the application of the Statute of Limitations was not before the court for decision. What was before the court was the insufficiency of the testimony before the grand jury to warrant the finding of an indictment, and after that question had been decided the learned justice gratuitously entered upon a discussion of the Statute of Limitations. This was clearly *obiter*, and whatever value might attach to such opinion of an eminent jurist is destroyed by the underlying fallacy that the Statute of Limitations applied to an indictment that did not specify the time of the commission of the crime. (Code

Crim. Pro., §§ 280-284; People v. Van Santvoord, 9 Cow. 655.)
While the ruling in the case of People v. Blake (121 App. Div.
613) is not directly in point, yet, by parity of reasoning, it has
direct application.   In his appeal from conviction defendant,
for the first time, raised the point that prosecution for the
offense was barred by the running of the Statute of Limitations,
and it was held that it could not avail him on appeal, since he
did not raise it upon the trial.   Justice PATTERSON, in a con-
curring opinion, said that " the question now presented could '
only be raised at the trial on a plea of not guilty and on proof
of the facts."   The conviction was affirmed in the Court of
Appeals (People v. Blake, 193 N. Y. 616) on the ground that
the point was not raised on the trial.   From this case the de-
duction is obvious that a defense of the Statute of Limitations
can only be interposed at the trial under a plea of not guilty.
To this effect was the decision in People v. Austin (63 App.
Div. 382, 16 N. Y. Crim. 12; affd., 170 N. Y. 585), where the
court said: " We do not feel called upon to decide the question
(Statute of Limitations) in this case, inasmuch as it does not
appear to have been properly raised in the court below."   On
the question here discussed there is a conflict of opinion among
text writers and authorities in many States, and to marshal
them would serve no useful purpose.   What has been written
as the law of this State is based not alone on authority, but on
the construction of the statute and the logical coherence of its
sections.   It is true that the word " must," if given its literal
meaning, would import a different construction, but that would
operate as a nullification of the succeeding section (143), and
where the intent of the statute is clearly manifested by all its
successive provisions, particular words or phrases, if in conflict,
must be made to conform to such intent.

If according to the preceding section (142) an indictment
under any circumstances must not be found after the expiration
of two years from the commission of the offense, then the suc-

ceeding section (143), providing that it may be found after the two years when the defendant is without the State, would be meaningless. To give intelligible effect to the legislative intent the word " must " should be qualified as if the section read " an indictment must be found except as hereinafter provided," etc. Notwithstanding the decision in People v. O'Donnell (46 Hun, 358), the principle and weight of authority hold that where on the face of the indictment it is apparent that the Statute of Limitations has run the application of the statute cannot be availed of on demurrer. (People v. Durrin, 2 N. Y. Crim. 328; People v. Blake, supra; United States v. Cook, 17 Wall. 168; Thompson v. State, 54 Miss. 740). Since, therefore, the application of the statute cannot be applied to the indictment as matter of law, it resolves itself into a question of fact to be determined on proof. If there was sufficient evidence before the grand jury that a crime had in fact been committed, there was a legal warrant to find an indictment, and it was not incumbent upon that jury to hear evidence that the defendants were exempted from prosecution by the running of the statute. A crime once committed cannot be obliterated by lapse of time. The offender may be protected from prosecution by legislative bar, but, if so, that bar is interposed for his protection, and it is he that must raise it. It rests with him to raise it or to waive it (People v. Blake, supra), and, if he raises it, it is a plea to the merits under the general plea of not guilty, which in effect is that, even though the offense was committed, punishment cannot be imposed because it is barred by the Statute of Limitations. (United States v. Oppenheimer, 242 U. S. 85; Biddinger v. Police Commissioner, 245 id. 128; 1 Wharton Crim. Law [11th ed.], § 44.)

Defendants urge that affidavits showing continuous residence within the State were submitted in support of their motion, and that inasmuch as there were no replying or contradictory affidavits their averments should be accepted as conclusive that

they are not within the proviso of the statute.   Since, as has
been stated, the plea of the statute can only be interposed under
the general plea of not guilty, it cannot be decided on affidavits.
Besides the People have a right to cross-examine the affiants and
to introduce evidence in rebuttal.    If there should arise a con-
flict of evidence on that point a question of fact would present
itself for determination by the jury.

It is further urged that from the length of time of inquiry
before the grand jury, the voluminous record and documentary
evidence necessary to proof and the number of witnesses that
must be examined, the case, if it goes to trial, will necessarily
occupy a long period of time, which would involve not only
great and unnecessary labor and use of time to all concerned,
but great expense to the public and obstruction to the ordinary
business of the courts, and that since the great preponderance
of probability is that defendants' evidence of continuous resi-
dence will not be controverted, it would obviate the burdens and
hardships of such trial if the uncontradicted affidavits submitted
on this motion were accepted as conclusive of the fact.    Of
course, it would be futile to enter upon a long and expenisve
trial if an adverse result to the People is a foregone conclusion.
But that is not within my province to determine.    The respon-
sibility rests with the district attorney, and that officer is pre-
sumed to act advisedly.

The motion must be denied, for the reasons that (a) the con-
stitutional rights of the defendants were not violated; that (b)
there was sufficient evidence before the grand jury to warrant
the finding of an indictment; that (c) the grand jury was not
bound to hear testimony or to allege in the indictment that the
defendants because of absence from the State were within the
proviso of the statute, and that (d) the objection that on the
face of the indictment the Statute of Limitations has run against
prosecution for the crime cannot be availed of on motion, but
must be interposed under the general plea of not guilty.

Ordered accordingly.