The People of the State of New York, Respondent, *v.* Anna Brown, Appellant.

First Department, March 24, 1933.

*Marks Wolff*, for the appellant.

*Le Roy Mandle, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

Townley, J. The information against the defendant filed September 23, 1932, charges in substance that the defendant on May 8, 1926, in the city of New York, committed the crime of petit larceny. There is ample testimony to support the conviction.

The appellant, however, claims that the Statute of Limitations barred the prosecution for the crime committed. The crime was committed on May 8, 1926. The defendant was arraigned in the Magistrates' Court and released on bail. When the case came on for hearing in 1926 defendant failed to appear and the bond was forfeited. The magistrate did not send the deposition to the Court of Special Sessions so that the district attorney at that time could

have filed an information and procured a bench warrant for the arrest of the defendant.

At the time the crime was committed, the Statute of Limitations covering misdemeanors read as follows: "* * * And an indictment for a misdemeanor must be found within two years after its commission" (Code Crim. Proc., § 142.)

Under that statute, it was not deemed that a prosecution had been begun by the mere appearance before a magistrate. This was changed by amendment in 1929.

Section 144 of the Code of Criminal Procedure, as amended to take effect July 1, 1929, provides as follows: " A prosecution is commenced, within the meaning of any provision of this act which limits the time for commencing an action, when an information is laid before a magistrate charging the commission of a crime and a warrant of arrest is issued by him, or when an indictment is duly presented by the grand jury in open court, and there received and filed."

Section 142 has also been amended to read as follows: "* * * And a prosecution for a misdemeanor must be commenced within two years after its commission."

Thus, under the present statute, the mere arraignment before the magistrate in 1926 would have commenced the prosecution and this conviction would have to be affirmed under the new law. Under the old law, however, the crime was barred by the failure to find an indictment within two years. At the time the new law was passed, the crime was already barred by the provisions of the old law and the amendment had no application. (See *Thompson* v. *State*, 54 Miss. 740, 743.)

The State attempts to support the conviction by relying on section 143 of the Code of Criminal Procedure as it existed at the time of the commission of the crime, which reads as follows: " If when the crime is committed the defendant be without the State, the indictment may be found within the term herein limited after his coming within the State; and no time during which the defendant is not an inhabitant of or usually resident within the State or usually in personal attendance upon business or employment within the State is part of the limitation."

It is claimed that there is a presumption that the proceedings before the Court of Special Sessions were regular and that because of such presumption the burden is upon the defendant to show that the failure to prosecute was not due to absence from the State within the provisions of section 143 of the Code of Criminal Procedure. Authority for this is claimed to be found in the decision of this court in *People* v. *Blake* (121 App. Div. 613; affd., 193 N. Y. 616). The argument is based upon a citation from an opinion of

Presiding Justice PATTERSON in which the balance of the court did not concur. The affirmance in the Court of Appeals was upon the ground that the defense of the Statute of Limitations was not properly raised upon the trial. We do not consider that case as a controlling authority.

The actual information filed on September 23, 1932, showed on its face that it covered a crime committed May 8, 1926. The defendant pleaded the general issue. When the People rested, the defendant moved to dismiss on the ground that the prosecution was barred by the Statute of Limitations. *Prima facie* on the record as it then stood, the point was properly taken. The People did not choose to reopen the case and show any justification for the great delay in prosecuting such as the absence from the State of the defendant or any other reason which might have been adduced.

It has been uniformly held that in a criminal prosecution the Statute of Limitations may be raised under the general issue. The People must then show beyond a reasonable doubt that the *prima facie* bar of the statute is for some reason unavailing to the defendant. (See the discussion of the subject in *People* v. *Bailey*, 103 Misc. 366, and cases there cited; 1 Bishop New Crim. Proc. [2d ed.] § 405; *United States* v. *Cook*, 84 U. S. 168, 179.) In the latter case the Supreme Court of the United States said of the Statute of Limitations: " * * * the defendant may give it in evidence under the general issue, * * * as it affords the prosecutor an opportunity where the statute contains exceptions, to introduce rebutting evidence and bring the defendant within one of the exceptions." To the same effect, see the leading case of *Thompson* v. *State* (*supra*) and *Hatton* v. *State* (92 Miss. 651; 46 So. 708). In the *Hatton* case the court wrote as follows: " The State must necessarily prove that the offense was committed on a day within the statutory bar of limitation. Mr. Bishop, in his work on Statutory Crimes (3d ed., § 264), says: ' One relying on a statute of limitations need not plead it in bar. The prosecuting power is required to show an offense within the period of limitations.' He refers to many authorities, but not to one that changes this rule. This has been the understanding always within the recollection of the writer of this opinion, and we think it sound doctrine, and it is approved in 12 Cyc. p. 382, in the following words: ' The prosecution also has the burden of proving that the offense was committed after the passage of the statute or ordinance providing for its punishment, and that it was committed within the statutory period of limitations, and if this is not done a conviction will be reversed.' "

The People, having wholly failed to show that the offense was

committed within the statutory period of limitations, failed to prove the information.

The judgment of conviction accordingly should be reversed, the information dismissed, and the defendant discharged from custody.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, the information dismissed and the defendant discharged from custody.