THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN H. REIBMAN, Relator, *v.* WARDEN OF THE COUNTY JAIL AT SALEM, NEW YORK, or the SHERIFF OF THE COUNTY OF WASHINGTON, STATE OF NEW YORK, Respondent.

Supreme Court, Washington County, November 16, 1933.

*George N. Jesse,* for the relator.

*J. B. McCormick, District Attorney,* for the respondent.

SCHENCK, J. The relator seeks an order sustaining a writ of habeas corpus herein and directing his discharge from custody.

Certain indictments were filed on April 28, 1931, by the district attorney of Washington county, which charged the relator with grand larcenies alleged to have been committed in the months of February and March, 1926. Detainers were filed with the warden of Great Meadow Prison while relator was serving a sentence from which he was released August 3, 1933, on parole, after completing a minimum sentence of three years less time earned for good behavior. By reason of these detainers relator has been held in the Washington county jail in default of bail.

It is the contention of the relator that the alleged crimes were outlawed by the Statute of Limitations at the time the said indictments were filed, on April 28, 1931, in that more than five years had elapsed since the alleged commission thereof.

Each indictment contains the following provision: " On or about the 24th day of January, 1931, an information was laid before Eliot B. Norton, a magistrate in the town of White Creek, Washington County, charging the commission of the crime herein and a warrant of arrest was issued therein by said magistrate."

At the time these crimes were alleged to have been committed, the Statute of Limitations, as contained in the Code of Criminal Procedure, read as follows:

" § 142. Limitation of five years. An indictment for a felony, other than murder, must be found within five years after its commission, except where less time is prescribed by statute."

The Code of Criminal Procedure as it existed at that time then sets forth when an indictment is found.

" § 144. An indictment is found, within the meaning of the last three sections, when it is duly presented by the grand jury in open court, and there received and filed."

Pursuant to provisions of chapter 246 of the Laws of 1929, which became effective July first of that year, section 144 of the Code of Criminal Procedure was amended to read as follows:

" § 144. When prosecution commenced. A prosecution is commenced, within the meaning of any provision of this act which limits the time for commencing an action, when an information is laid before a magistrate charging the commission of a crime and a warrant of arrest is issued by him, or when an indictment is duly

presented by the grand jury in open court, and there received and filed."

The general rule for the construction of statutes is that they are to be held to apply to cases arising after their passage, and not to cases arising prior thereto, unless there is a clear intention to give them retroactive effect, which intention must be found in the acts themselves, or necessarily inferred therefrom. (*Murray* v. *Gibson*, 15 How. [U. S.] 421; *People* v. *Lord*, 12 Hun, 282.)

A similar situation may be found in *People* v. *Brown*, recently decided by the Appellate Division, First Department (238 App. Div. 155). In that case the Statute of Limitations, as it existed at the time the crime was committed, provided that an indictment for a misdemeanor must be found within two years after its commission, and under that statute it was not deemed that a prosecution had been begun by the appearance before a magistrate. The court held that at the time the amendment to section 144 of the Code of Criminal Procedure became effective the crime had already been barred by the provision of the old law and that the amendment had no application.

Under the present statute the laying of an information before a magistrate on January 24, 1931, would have commenced the prosecution. Under the former statute, however, the crime was barred by the failure to find an indictment within the five-year period.

The laying of an information on January 24, 1931, does not cure the defect.

The writ of habeas corpus is sustained and order may be entered accordingly.