THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BENJAMIN RUTMAN and Another, Defendants.

County Court, Queens County, November 15, 1938.

*Charles P. Sullivan, District Attorney [Martin Schwaeber, Assistant District Attorney,* of counsel], for the plaintiff.

*William J. Wilson,* for the defendant Benjamin Rutman.

COLDEN, J. This defendant was indicted in July, 1938, for forgery, petit larceny and conspiracy. He brings this motion to expunge the fifteenth and sixteenth counts of the indictment on the

ground that these counts indicate on the face thereof that the acts complained of occurred more than two years prior to the finding of the indictment and, therefore, prosecution is barred by the Statute of Limitations.

Section 142 of the Code of Criminal Procedure provides: " And a prosecution for a misdemeanor must be commenced within two years after its commission."

The fifteenth count of the indictment charges the defendant with the crime of petit larceny, a misdemeanor, alleged to have been committed " between February 25th and March 7th, 1936."

The sixteenth count of the indictment charges the defendant with the crime of conspiracy, a misdemeanor, alleged to have been committed " between February 19th, 1936 and March 7th, 1936."

Obviously more than two years have elapsed in each instance between the dates fixed by the indictment as the time of the alleged occurrence of the acts complained of and the date of the finding and filing of the indictment.

The question is then, may this court dismiss these counts on motion by the defendant prior to trial of the indictment? At the first glance the logical answer apparently should be in the affirmative. Difficulty appears when section 143 of the Code of Criminal Procedure is considered. That section excludes from the statutory period any time during which the defendant was absent from the State or lived within the State under a false name. The following section, 144, provides a statutory method for the commencement of prosecutions.

The issues which may be raised under sections 142, 143 and 144 of the Code of Criminal Procedure may present many questions of fact which cannot and should not be disposed of upon affidavits.

Further, it must be borne in mind that the establishment of a Statute of Limitations as a bar to prosecution for crime is an act of grace, the protection of which is to be invoked by the one who claims it, under a general plea of not guilty.

There is no statutory provision for the relief here sought. On the other hand, principle and precedent clearly indicate that the proper place to have this defense passed on is at the trial. (See the splendid opinion of the late Supreme Court Justice Goff in *People* v. *Bailey*, 103 Misc. 366, 373, 374. See, also, *People* v. *Brown*, 238 App. Div. 155; *People* v. *Amann*, 159 Misc. 417.'

Motion denied. Submit order.