(121 App. Div. 613.)

## PEOPLE v. BLAKE.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

CRIMINAL LAW—LIMITATIONS—APPEAL—QUESTIONS NOT RAISED AT TRIAL.

Under the general rule that questions of law in criminal cases can only be raised by exceptions, a convicted person was not entitled to a reversal on appeal because the prosecution was barred by limitations, where such ground of objection was not specifically urged at the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2619.]

Lambert and Houghton, JJ., dissenting.

Appeal from Court of General Sessions, New York County.

John Blake was convicted of fraudulently exposing for sale and selling water that was not Poland Spring water as Poland Spring water in bottles bearing the Poland Water labels, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, LAUGHLIN, and HOUGHTON, JJ.

Francis I. Osborne, for appellant.
Robert C. Taylor, for respondent.

McLAUGHLIN, J. The defendant was convicted of a misdemeanor, and he appeals from the judgment of conviction and orders denying motions to set aside the verdict, and for a new trial and in arrest of judgment.

The indictment under which the conviction was obtained charged him with having violated sections 364, 438, and 438a of the Penal Code, in that on the 18th day of March, 1902, he knowingly and fraudulently exposed for sale and sold as Poland Spring water, in bottles bearing the Poland water labels and trade-marks, water which was not Poland Spring water. The judgment of conviction is attacked principally upon two grounds, which will be considered in the order named: (1) That the learned recorder erred at the trial in admitting, against defendant's objection, certain testimony; and (2) that the indictment was not found within two years after the alleged crime was committed.

First. At the trial the people called as a witness one Rosston, who, after stating that he was employed by the defendant from the middle of November, 1899, until March, 1901, during which period he sold mineral waters, was asked to state whether he sold to customers water from Poland water bottles, bearing Poland water labels, which was not Poland water. The question was objected to by defendant's counsel, and the objection sustained. After the people had rested, defendant was called as a witness in his own behalf, and, on direct examination, he testified that he did not have any clerk whom he directed to sell "any water than Poland water out of Poland water bottles." On cross-examination, referring to the testimony he had thus given, he stated:

"Mr. Osborne asked me did I ever instruct any clerk to sell Hygeia water as Poland water, and I answered, 'No.' That is correct."

He was then interrogated as to directions given to the witness Rosston, and denied that he had directed him to refill Poland water bottles with other water and sell it as Poland water, or that he knew that any such practice prevailed in the establishment of which he had charge. After the defendant had rested, Rosston was recalled and permitted, against defendant's objection, to contradict his statement, testifying that defendant had instructed him to refill Poland bottles with other water and to sell the same as Poland water, and that he knew of other instances in which he had given such instructions. I think this testimony was admissible. The defendant had denied giving Rosston or any of his employés instructions to refill the Poland water bottles with other water and sell the same as Poland water. It was admissible for the purpose of contradicting defendant's testimony. Blossom v. Barrett, 37 N. Y. 434, 97 Am. Dec. 747; People v. Schuyler, 106 N. Y. 298, 12 N. E. 783; People v. Barone, 161 N. Y. 451, 55 N. E. 1083; Squier v. Hanover Fire Ins. Co., 162 N. Y. 552, 57 N. E. 93, 76 Am. St. Rep. 349. It was not only admissible for this purpose, but I think it was admissible as bearing upon the defendant's intent, and rebutting any claim of mistake or accident as to the sale specified in the indictment. People v. Everhardt, 104 N. Y. 591, 11 N. E. 62; People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193; People v. Doty, 175 N. Y. 164, 67 N. E. 303; People v. Dolan, 186 N. Y. 4, 78 N. E. 569.

This brings us to the consideration of the main question argued on the appeal, viz., that the indictment was not found within two years

after the commission of the crime for which defendant has been convicted. The Code of Criminal Procedure provides that an indictment for a misdemeanor must be found within two years after its commission (section 142), and that an indictment is found when duly presented by the grand jury in open court and there received and filed (section 144). The misdemeanor for which the defendant was indicted and convicted was committed on the 18th of March, 1902. The indictment was not filed until May 25, 1904—more than two years thereafter. The defendant's objection, therefore, to the validity of the judgment of conviction is good if he is in a position to raise the question. At the opening of the argument of the appeal before us, the learned district attorney asked permission to file with, and have considered as, a part of the record on the appeal, certified copies of certain papers which he claimed showed that the prosecution of the defendant for the crime of which he had been convicted was originally instituted in the Court of Special Sessions, and that the defendant moved to have the same transferred to the Court of General Sessions, and included in his motion papers was a stipulation signed by himself and his counsel that, if such motion were granted, he would not plead in that court or raise the question that the indictment was not found within the time prescribed in section 142 of the Code of Criminal Procedure; that the motion was granted upon that condition, the stipulation being incorporated in and made a part of the order; that the statute of limitations had not then run, and did not until nine days thereafter. This court, however, refused to receive such papers or to consider them upon the appeal, deeming it the better practice in a criminal case that the questions sought to be reviewed should be determined solely from the record. Therefore, in passing upon the question of whether the judgment ought to be reversed because the statute of limitations had run at the time the indictment was found, I do so simply from what appears in the record alone. I am of the opinion that the defendant is not in a position to raise that question. At the opening of the trial the defendant's counsel moved to dismiss the indictment upon the ground that it did not state facts sufficient to constitute a cause of action, at the same time saying: "I do not wish to discuss it. I am limited by the agreement which I wish to hand up to your honor, and I do not wish to go outside of the agreement in making my motion," to which the court responded, "I think you are precluded by the stipulation;" and the counsel replied, "You think I am?" to which the court said, "Yes." No exception was taken to this ruling; the defendant's counsel apparently acquiescing therein. What the agreement was to which counsel referred the record fails to disclose. Thereupon the trial proceeded without a suggestion that the statute of limitations had run, or that the indictment had not been found in time. Nor was that question raised or even suggested at the close of the people's case. After the people had rested, defendant's counsel moved to dismiss the indictment upon the ground that the facts given in evidence did not constitute a crime; that there was no evidence that the defendant had committed an offense; that the people's testimony tended to show that on the 18th of March certain men went into the store and ordered Poland water; "got some water, took it to

106 N.Y.S.—21

a chemist and analyzed it, and upon the chemist's analysis that was not Poland water; that is the long and short of this case." A further discussion took place, to the effect that the water was sold by a clerk, and that the defendant could not be held responsible unless he participated in the act. The court denied the motion, and then a further motion was made to direct the jury to acquit, on the ground that the evidence was not sufficient and did not prove the allegations set out in the indictment. The motions were denied, and thereupon defendant entered into his defense. No motion was made at the close of the entire case, nor was any request made to have the jury instructed with reference to the statute of limitations, or any suggestion made by defendant's counsel that the defendant could not be convicted because more than two years had elapsed after the commission of the crime when the indictment was found. After the verdict had been rendered, the defendant moved that it be set aside as against the weight of evidence, and upon all the grounds specified in the Code. There was also a motion for a new trial upon the minutes, upon all the statutory grounds, and for an arrest of judgment; but in none of these motions was there a suggestion about the statute of limitations. It is possible that that question was not raised for the reason stated by counsel at the beginning of the trial, but of this the record is silent. Whatever the reason may have been, the fact remains that, so far as the record shows, the statute of limitations was not specifically raised, and, not having been raised, I do not see how the court on appeal can pass upon the question.

The question is quite similar to the one raised in People v. Austin, 63 App. Div. 382, 71 N. Y. Supp. 601; affirmed on opinion of Hirschberg, J., 170 N. Y. 585, 63 N. E. 1120. In that case the defendant was indicted for a murder committed some 14 years before the indictment was found. He was convicted of manslaughter—an indictment for which must be found within five years (Code Cr. Proc. § 142)— and the question as to whether the statute applied merely to the finding of the indictment or was a complete bar to the conviction was raised for the first time on appeal. Mr. Justice Hirschberg, after reviewing the authorities on either side of the question, said:

"This brief reference to the conflicting decisions upon the subject is made because, as has been said, it involves the only point argued upon the appeal. But we do not feel called upon to decide the question in this case, inasmuch as it does not appear to have been properly raised in the court below. * * * The point could only be raised by proof upon the trial under the plea of not guilty (People v. Durrin, 2 N. Y. Crim. Rep. 328, and cases cited) and by some appropriate motion or request to charge."

The Court of Appeals has recently adhered to the doctrine that, even in a criminal case, a question of law will not be considered on appeal, unless raised at the trial by an exception. People v. Huson, 187 N. Y. 97, 79 N. E. 835. In the case last cited, the defendant was indicted for manslaughter, but was convicted of assault. The Appellate Division reversed the judgment upon questions of law only; the opinion indicating the ground was that manslaughter negatives the idea of an intent to kill, while it is an essential element in the crime of assault in the first degree. The Court of Appeals held that neither it nor the

Appellate Division had power to consider this question, since it had not been raised by an exception. The order of the Appellate Division was reversed, and the judgment of conviction affirmed. Judge Vann, in delivering the opinion in which all concurred, said:

"That was a question of law, but it was not raised by an exception. No court can create an error of law by certifying that there is one, and a question of law in a criminal case, prosecuted by indictment, can be raised only by an exception. * * * There is no exception in the record to justify the reversal. * * * There was no motion made at the close of the evidence that the court should advise an acquittal, or that the defendant should be discharged. There was no exception to the charge that the jury could convict of assault in the first degree, and no request was made to charge upon that subject. When the case was submitted to the jury, therefore, the defendant was in the attitude of consenting that they might pass upon the evidence. * * * "

The motion in arrest of judgment brought up only the jurisdiction of the court over the subject-matter of the indictment, which is not disputed, and the question whether the facts stated in the indictment constitute a crime. People v. Huson, supra.

The motion to set aside the verdict as against the evidence and the weight of evidence did not raise the question, nor did the motion for a new trial upon the minutes upon all the statutory grounds. The defendant, not having raised the question at the trial, cannot now be heard upon the subject. Other errors are alleged, especially in the exclusion of evidence; but, after an examination of the record, I do not think any of them would justify a reversal of the judgment.

The defendant had a fair trial, the evidence established his guilt, and I think the judgment of conviction and orders appealed from should be affirmed.

LAUGHLIN, J., concurs.

PATTERSON, P. J. The affirmance of this judgment is upon the ground that the question of the statute of limitations was not specifically raised at the trial; and, not having then been raised, it cannot be considered in the first instance on appeal from the judgment entered upon the verdict of the jury. I concur in this view. It is undoubtedly a general rule in this state that questions of law in criminal cases can only be raised by exceptions (People v. Huson, 187 N. Y. 97, 79 N. E. 835), but that rule is not of universal application; for, as was said in People v. Bradner, 107 N. Y. 4, 13 N. E. 87:

"If the record discloses upon its face that the court had jurisdiction * * * or some other defect in the proceedings which could not be waived or cured and is fundamental, it would, as we conceive, be the duty of an appellate tribunal to reverse the proceedings and conviction, although the question had not been formally raised in the court below, and was not presented by any ruling or exception on the trial."

In the record in the case now before us, it appears that at the time the indictment was filed more than two years had elapsed since the commission of the offense with which the defendant was charged. It is now urged by the respondent that, inasmuch as the attention of the court was not called specifically to that fact, the defendant must be re-

garded as having waived the protection of the statute. While it is true that the date named in the indictment is in some respects immaterial, yet, if the proof showed that the indictment was found two years and some months after the commission of the alleged offense, and the defendant was during the whole of that time within the state of New York, a jurisdictional question might have arisen. The statute requires that an indictment must be found within two years after a misdemeanor is committed. The statute of limitations in a criminal case differs materially from that applying to civil actions. It is in effect a statute of oblivion. Wharton's Crim. Pl. & Pr. (8th Ed.) § 316. It banishes the offense from legal memory, and extinguishes for all purposes of prosecution what otherwise would be a punishable criminal offense. But section 142 of the Code of Criminal Procedure must be considered in connection with section 143 of that Code, which provides, among other things, that no time during which the defendant is not an inhabitant of or usually resident within the state or usually attendant upon business or employment within the state is part of the limitation, and it seems to me that it was necessary for the defendant to show that the last mentioned section did not apply. There is a presumption that the indictment was properly found by the grand jury, and that the trial court had jurisdiction. That presumption is not overcome by the proof in this record. Jurisdiction of the subject-matter means the power lawfully conferred to deal with the particular subject involved in a particular action in a civil court, or of a particular offense charged in an indictment in a criminal prosecution. In the latter case, the question now presented could only be raised at the trial on a plea of not guilty and on proof of the facts. Has a criminal court jurisdiction to proceed to judgment, where it appears in the evidence that there is no indictable offense before it? That situation may not involve only jurisdiction of the person, but, it may be argued, also involves the subject of the indictment, namely, an offense which is obliterated, so far as a criminal prosecution is concerned. But that question is not raised by this record for the reason, as said before, that the proof fails to overcome the presumption of jurisdiction.

LAMBERT, J. (dissenting). I am unable to concur in the conclusion reached by a majority of this court, that a man may be convicted of a misdemeanor where the indictment upon its face, in full accord with the established facts, shows that the alleged crime, of the grade of a misdemeanor, was committed more than two years before the finding of the indictment, and where the defendant has challenged the conviction at every point in the proceeding. Section 142 of the Code of Criminal Procedure provides that an "indictment for a misdemeanor must be found within two years after its commission"; and there is no dispute that the acts constituting the misdemeanor for which the defendant has been convicted occurred on the 18th day of March, 1902. The indictment was found on the 25th day of May, 1904, and no one questions that had this fact been called to the attention of the court by an objection and exception, the defendant would have been entitled to a reversal of the judgment of conviction, for the reason that under

the law the defendant, having passed by the two years fixed by the statute, was not guilty of any crime then punishable by the laws of this state. The facts stated in the indictment, and supported by the proof, did not constitute a crime as against the defendant by reason of the fact that the law had declared an amnesty.

It is not disputed that the defendant pleaded not guilty to the charge; that he moved the court to set aside the verdict, for a new trial, and in arrest of judgment, upon the ground that the facts charged in the indictment and proved upon the trial did not constitute a crime; and that exceptions were taken to the denials of these motions. But it is contended that, because the defendant failed to call the attention of the court in express words to the fact that the crime was barred by the statute, he did not raise on the trial and is deprived of the privilege of raising that question upon this appeal. This case in its peculiar facts stands alone. The defendant was first proceeded against in the Court of Special Sessions. Subsequently an order of this court, at Special Term, was secured, sending the case to the Court of General Sessions, on condition that the defendant would enter into a stipulation not to raise the defense of the statute of limitations, the time being then about to expire. The defendant made this stipulation, and, the grand jury having found an indictment, he pleaded not guilty to the same and went to trial. At the opening of the trial the defendant's counsel moved to dismiss the indictment upon the ground that it did not state facts sufficient to constitute a crime, at the same time adding: "I do not wish to discuss it. I am limited by the agreement which I wish to hand up to your honor, and I do not wish to go outside of the agreement in making my motion." To this the court responded: "I think you are precluded by the stipulation." Counsel replied: "You think I am?" The court answered: "Yes." No exception was taken, though it is to be observed that there was no ruling upon the motion directly, but merely the expression of an opinion that the counsel was precluded by the stipulation.

It is true that the record before us does not show what this stipulation was; but it is evident that there was a stipulation before the court, and that this stipulation was permitted to prevent the defendant from more specifically calling to the attention of the court the inherent defect in the indictment. But it can hardly be doubted that a statute of limitations in criminal cases has a different effect than in civil cases. The statute is read into every crime, and it says, in effect, that, unless action is taken by the state within the time limited, there is no crime to be punished. Bishop on Statutory Crimes, § 264; Wharton's Criminal Pleading and Practice, § 316; Vaughn v. Congdon, 56 Vt. 111, 115, 48 Am. Rep. 758; Boughn v. State, 44 Neb. 889, 891, 62 N. W. 1094. It is the same as though the facts had never existed, and this issue is raised by a plea of not guilty, and in arrest of judgment. Section 331, Code Cr. Proc.; People v. Durrin, 2 N. Y. Crim. Rep. 328. In arrest of judgment, the issue that the facts stated do not constitute a crime are peculiarly raised. Section 331, Code Cr. Proc.; People v. Meakin, 133 N. Y. 214, 219, 30 N. E. 828; People v. Wiechers, 179 N. Y. 459, 462, 72 N. E. 501. When the defendant pleaded not guilty to the charge of the indictment, and upon every motion to dismiss, or

in arrest of judgment, upon the ground that the facts stated and proved did not constitute a then existing crime as against himself, he raised the question of the statute of limitations, as much as though he had in specific words called the attention of the court to the fact that the indictment was not found within two years of the commission of the offense, for in law there was no then existing crime as shown by the indictment and the proofs, and, upon the general objection that the facts do not constitute a crime, the existence of every fact necessary to constitute a crime is challenged.

It is probably true that the defendant, by refusing to challenge the sufficiency of the indictment, or the proofs under it, might be deemed to have waived his rights, and he could not be heard to raise this question for the first time on appeal. Sentenis v. Ladew, 140 N. Y. 463, 466, 35 N. E. 650, 37 Am. St. Rep. 569. But it is one thing to deliberately refuse to raise a question upon trial, and quite another to enter into a stipulation in advance not to raise such a question. The one is a waiver of rights, the other is an attempt to interfere with the public policy of the state, which the courts do not permit. Mr. Chief Judge Earl, in Shapely v. Abbott, 42 N. Y. 443, 452, 1 Am. Rep. 548, clearly points out this distinction. "A party may," says the learned jurist, "without trenching upon public policy, waive the defense of usury, or of the statute of frauds, or of the statute of limitations, by omitting to set up the defense when sued. And he may waive his statute exemption by turning out exempt property when the officer comes with the execution; but no case has occurred to me in which a party can, in advance, make a valid promise that a statute founded in public policy shall be inoperative." Clearly a statute limiting the time within which a crime shall be punished is founded in public policy, and the defendant by moving to dismiss the indictment on the ground that it did not state facts necessary to constitute a crime evidenced an intention not to waive the sufficiency of the indictment. Subsequently, and after the evidence showed that the alleged crime was, in fact, committed upon the date mentioned in the indictment, the same question was presented, and again in the motion in arrest of judgment. The stipulation which was supposed to stand in the way of raising the specific defect in the indictment, that it was outside of the time fixed by the statute, not being binding upon the defendant, and he having distinctly raised the question by his general challenge of the sufficiency of the indictment and of the facts established under it, I am unable to understand how this conviction may be permitted to stand. There is absolutely no evidence of any intention on the part of the defendant to waive any right, except as this may be gathered from the remarks of counsel and the court in reference to the stipulation; and, if we get that stipulation entirely out of the case, and deal with the matter purely from the record as it is made in this case, we shall certainly find that the defendant, by his motions, raised the very question which is here under consideration, for he did by proper motions ask to be relieved because of the fact that the facts did not constitute a crime, as they concededly did not in his case if the question was raised.

But it is suggested that the limitation of time, as fixed by section 142, is to be read and construed in connection with section 143 of the

Code of Criminal Procedure, and that it was for the defendant to show that he was not within the exception. Section 143 provides that:

"If when the crime is committed a defendant be without the state, the indictment may be found within the term herein limited after his coming within the state; and no time during which the defendant is not an inhabitant of, or usually resident within, this state or usually in personal attendance upon business or employment within the state, is part of the limitation."

It seems to me a new theory of criminal law that the defendant is obliged to show that he has not been a fugitive from justice during the time that has elapsed between the commission of the alleged crime and the finding of the indictment, for the language of the statute clearly indicates that it is not intended to cover any merely incidental absence from the state. The indictment in this case shows the defendant to have been "late of the borough of Manhattan of the city of New York, in the county of New York," and that the alleged crime was committed within such borough. The evidence shows the defendant to have been born in the city of New York, and, as he testifies, "I have lived here, off and on, all my life," and there is not a suggestion that he ever lived outside of the state; and he says that he is still the manager of the store on Broadway and Wall street where the alleged crime was committed. It thus appears that the defendant was a resident or inhabitant of the state at the time of the alleged crime; and that he was then present as manager of the business. The rule is well established that, under such circumstances, the presumption arises that he has continued to be a resident or inhabitant of the state. The status of the defendant as a resident of the city of New York, and active manager of the business where the crime is alleged to have been committed, being fixed, the law presumes a continuance of the condition until it is shown to have changed. Nixon v. Palmer, 10 Barb. 175; Mitchell v. United States, 21 Wall. (U. S.) 350, 353, 22 L. Ed. 584; Harris v. Harris, 83 App. Div. 123, 128, 82 N. Y. Supp. 568. This presumption that the defendant has not been a fugitive from justice is not overcome by the presumption that the grand jury, as public officers or servants, have done their duty; for while this, like the presumption of innocence, is a legal presumption, it does not supply proof of a substantive fact. Best in his treatise on Evidence, § 300, says:

"The true principle intended to be asserted by the rule seems to be that there is a general disposition in courts of justice to uphold judicial and other acts rather than to render them imperative; and with this view, where there is general evidence of facts having been legally and regularly done, to dispense with proof of circumstances, strictly speaking, essential to the validity of those acts, and by which they were probably accompanied in most instances, although in others the assumption may rest on grounds of public policy."

Nowhere is the presumption held to be a substitute for proof of an independent and material fact. Sabariego v. Maverick, 124 U. S. 261, 284, 285, 8 Sup. Ct. 461, 31 L. Ed. 430; United States v. Ross, 92 U. S. 281, 284, 23 L. Ed. 707. If it could, therefore, be said as a mere matter of pleading that the people were not bound to allege in the indictment that the defendant had been without the state within the

meaning of the provisions of section 143, when the proof was in and it was shown that the defendant was a resident and inhabitant of the state, actively engaged in managing the business at the point where the crime is alleged to have been committed, the motion to dismiss on the ground that the facts proved did not constitute a crime should have been granted, for it was conclusively shown that the defendant was not within the exception. He had been within the jurisdiction of the state at all times.

I think the judgment of conviction should be reversed.

HOUGHTON, J., concurs.