THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JACK BRADY, Respondent.— The People appeal from an order of the Kings County Court dismissing an indictment charging defendant with the crime of bigamy. Order reversed on the law, motion denied, and the indictment reinstated. The Statute of Limitations in criminal causes (Code Crim. Proc. § 142), as in civil actions, is a statute of repose. (*People* v. *Bailey*, 103 Misc. 366.) It may be raised as a defense at the trial, under a plea of not guilty (*People* v. *Brown*, 238 App. Div. 155), but it may be waived by failure of defendant to invoke it. (*People* v. *Blake*, 121 App. Div. 613; affd., 193 N. Y. 616, on the ground that the Statute of Limitations was not sufficiently raised at the trial.) Since there may be a waiver, an indictment which on its face shows the statute has run is not invalid. The grand jury was not required to heed or to believe the testimony of defendant's wife that he was openly within the jurisdiction during the statutory period. That it would be inexpedient to proceed to trial because of needless expense and loss of time is a responsibility

with which the district attorney must deal. Lazansky, P. J., Carswell and Taylor, JJ., concur; Johnston and Adel, JJ., dissent and vote to affirm.