Alexander Vitale, J.
The defendant corporation owns a number of food stores. One of these is located at Plicksville, New York, and is known as Store No. 824. The County of Nassau, in which the store is located, maintained a Department of Weights and Measures. On July 2, 1963, two inspectors from the department entered the store. They proceeded to the meat department and first tested the scales placed there by the defendant. They found the scales to be correct. They then tested meat packages selected at random for correct weight. The inspectors testified that out of 50 packages, tested by them, 47 were found to bo short of the net weight printed on the package. The inspector thereafter swore to an information against the defendant, wherein he alleged as a first and second count that they violated section 189 of the Agriculture and Markets Law, in that they placed false descriptions of the weight and price upon the packages of meat, which the inspectors examined, and they did violate subdivision 4 of section 193 of said law, in that they failed to accurately mark these packages with the net weight and total selling price of the same. (Third count,)
As stated above, the defendants stand charged with a violation of said section 189, which states that “No person shall, with intent to defraud, put upon an article of merchandise * * * any false description or a false indication of * * * or respecting the weight or measurement of the article * * * or sell or offer or expose for sale an article which to his knowledge is falsely described or indicated in any of the manners or in any of the particulars above specified.”
The question is squarely presented, whether upon a charge of a violation of this section, intent is a necessary element of the crime and one which must be proven in order to sustain a conviction.
The People proffer section 43 of the Agriculture and Markets Law, which says that the intent of any person doing or omitting *859 to do any act is immaterial in a prosecution for a violation of the provisions of the chapter.
Frequently laws such as the Agriculture and Markets Law do not require that intent be proven as an element of the offense governed by the statute. This is justified on the ground that these acts are regulatory in nature. The acts which they seek to control are invested with criminality by reason of a rule of law rather than by their intrinsic nature. (People v. Kibler, 106 N. Y. 321 ; People v. West, 106 N. Y. 293, 296.)
Section 189 of the Agriculture and Markets Law, however, by its phrasing, shows that it is penal in nature. Absent other overriding provisions of law, the words of the statute must be given their fair meaning and intendment. In this connection, it should be observed that section 189 is derived from section 435 of the Penal Law of this State, and in fact, is similar insofar as is pertinent here with said section 435. Under the latter section it has been held that intent is a necessary element of the crime of affixing a false label. (People v. Blake, 121 App. Div. 613.)
A review of other provisions of the Agriculture and Markets Law which refer to false labeling or false marking omit the phraseology contained in section 189 relating to, “intent to defraud”, and “which to his knowledge ”, (See §§ 68, 71-g, 156-e, 160-d.) It will be seen that all of these provisions thereof, relate to foodstuffs, which are certainly as common as the meats which arc the subject of the information herein. They all concern themselves solely with falsity and do not make provisions for the intent of the merchant or seller.
It is apparent that the crime with which section 189 is concerned is the intention of stealing as manifested by a false label. On the other hand, the other statutes above quoted concern themselves with improper labeling as such, rather than the intent, which may cause the label to be incorrect.
It Avould appear incongruous to declare that intent is immaterial upon a charge of false labeling in violation of section 189 of the Agriculture and Markets Law, but that intent must be proven upon a similar type of violation of section 435 of the Penal Law.
It is therefore found that intent is a necessary element in order to sustain a conviction pursuant to section 189 of the Agriculture and Markets Law.
The defendants also stand charged Avith a violation of subdivision 4 of section 193 of said law. This is a neAv section having been first adopted in 1962. It provides that 1 ‘ All food and food products Avhicli are packaged or wrapped by the *860 retailer * * * shall be accurately marked in such form or manner as may be prescribed by the commissioner, with (a) the net weight or standard measure or numerical count; (b) the selling price per pound or unit of standard measure, and (c) the total selling price. ’ ’
It is unquestioned that the meat packages which were tested by the People’s witnesses were packaged or wrapped by the corporate defendant. Further, that they were offered and exposed for sale by it. Also, that each package contained a label setting out what the defendant declared was the net weight, the selling price per pound, and the total selling price with reference to each package.
This statute imposes the burden upon the retailer who offers prepacked articles for sale to see to it that the markings therein, as to quantity, weight and price per unit, at the time the consumer is proffered the same, are correct. The intent of the retailer is immaterial in a prosecution under this section. The defendant, however, states that the section, as promulgated by the Legislature, is such that the burden is placed upon the prosecution to show that not only are the articles inaccurately marked at the time they are offered for sale, but further, that they were so marked in an inaccurate manner at the time they were wrapped by the retailer. In other words, it is the defendant’s contention that the statute exists for the protection of the retailer in the sense that, once having wrapped the package accurately, his obligation has ended pursuant to this section and a change thereafter in the marked weight and consequently, the unit price, does not create a violation of law. This construction is not in keeping with the plain meaning of the statute and its obvious purpose of protecting the consumer (People v. Swift & Co., 286 N. Y. 64, 70).
The defendant attempted to prove through extensive cross-examination of the People’s witnesses that a change in weight of the meat products tested by the inspectors may have occurred between the time these products were prepacked by the defendants and the time that the test took place. This testimony was inconclusive and in any event, is at variance with the testimony upon cross-examination of the defendant’s store manager, that packages selected at random and tested in his presence proved to be accurate.
The testimony of the People’s witnesses taken as a whole fails to establish that the defendant did place false labels upon the articles referred to in People’s Exhibit No. 4, and offer them for sale with the intent to defraud.
*861 The proof offered upon the trial, however, amply demonstrates, beyond a reasonable donbt, that the defendant, the Great Atlantic and Pacific Tea Company, did at the place and at the times alleged in the information herein, violate the provisions of subdivision 4 of section 193 of the Agriculture and Markets Law of the State of New York, in that said defendant did fail to accurately mark food products within the meaning of said section, which were packaged or wrapped by said defendant in advance of being exposed or offered for sale, with the accurate and correct net weight, selling price per pound and total selling price of said packages.
The motions made by the defendant, Leonard Wisebeck, to dismiss the first, second and third counts of the information as to him are each granted. The motions made by the defendant, the Great Atlantic and Pacific Tea Company, to dismiss the first and second counts of the information as to it are granted. The motion made by said defendant to dismiss the third count, of the information as to it is denied and said defendant is found guilty of the charge set forth in the third count of the information.