OPINION OF THE COURT
Burton B. Roberts, J.
During the course of this homicide trial the People indicated their desire to introduce into evidence two letters written by the defendant to his wife to show consciousness of guilt.
The court, therefore, conducted a hearing in the absence of the jury (People v Dudley, 24 NY2d 410), to determine whether the communications were within the marital privilege (CPLR 4502, subd [b]). At the hearing, the defendant’s wife, Karen Watson Mohammed, testified and various exhibits were received, including the two letters in question.
After the hearing, the court found that, although the witness and the defendant were legally married, the communications were not privileged on several different grounds based both on the status of the marital relationship and on the nature of the communications themselves.
The letters reveal an attempt by the defendant to obtain false testimony from his wife in support of a fabricated alibi. The request to so testify is coupled with very thinly veiled threats of physical harm if the wife witness did not *505 comply. This type of communication is clearly not within the marital privilege since the threats indicate that it is not being made in reliance on the marital relationship (People v Dudley, supra; People v Patterson, 39 NY2d 288; People v Allman, 59 Misc 2d 209). Moreover, the letters are evidence of subornation of perjury and thus a criminal offense in themselves (criminal solicitation in fourth degree, Penal Law, § 100.05, subd 1). As such they should not be included within the privilege (People v Watkins, 89 Misc 2d 870, affd 63 AD2d 1033; see, also, Comment, proposed NY Code Evidence [1982], § 506, subd [d], par [1]).
Even if these communications were by their nature privileged, the court would still find them admissible. It is axiomatic that a martial privilege requires a marital relationship as its basis (Wolfle v United States, 291 US 7). When the relationship has deteriorated to the point of nonexistence at the time of the communication in question, there is no public policy interest in preserving the harmony of the relationship (People v D’Amato, 105 Misc 2d 1048; cf. People v Fields, 38 AD2d 231).
The testimony and the exhibits at the hearing revealed a marriage that was not only on the rocks but awash and about to sink. The defendant had beaten his wife to the point where she had to seek hospital treatment. The parties were living apart and the wife had sought an order of protection from the Family Court. The wife had consulted an attorney and was actively seeking an annulment. To say that this marriage was in a state of disarray is to indulge in the grossest form of understatement. If this court were to indulge in the fiction that a relationship existed in this case and ought to be protected, to the frustration of the fact-finding process, it would violate, not reinforce, the public policy underlying the marital privilege.
For all of the foregoing reasons, the letters of the defendant to his wife were admitted into evidence after redaction to eliminate prejudicial and irrelevant matters.