■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER C. EDWARDS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's argument that the police lacked probable cause to arrest him is without merit. Information provided by a victim of the burglary was sufficient to support a reasonable belief that a burglary had been committed and that defendant and his wife were the perpetrators *(see, People v Johnson,* 66 NY2d 398, 402; *People v Bigelow,* 66 NY2d 417, 423). Thus, the arresting officers were entitled to search the vehicle incident to the lawful arrest of its occupants *(see, People v Belton,* 55 NY2d 49, 55).

Contrary to defendant's assertions, statements he made to his wife were not protected by the marital privilege. "Not protective of all communications, the privilege attaches only to those statements made in confidence and 'that are induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship' " *(Matter of Vanderbilt [Rosner—Hickey],* 57 NY2d 66, 73, quoting *Poppe v Poppe,* 3 NY2d 312, 315). Communications that include threats are not protected by the marital privilege because the threats indicate that the communication is not being made in reliance upon the marital relationship *(see, People v Mohammed,* 122 Misc 2d 504; *see also, People v Patterson,* 39 NY2d 288, 304, *affd* 432 US 197; *People v Dudley,* 24 NY2d 410, 415). We see no reason to disturb the trial court's finding that the communications between defendant and his wife were not made in reliance upon the loyalty engendered by the marital relationship. Defendant's wife testified about threats and physical abuse by defendant forcing her to participate in the burglaries. Under these circumstances, statements made by defendant to his wife are not protected by the marital privilege.

Defendant's other contentions on appeal are either unpreserved or without merit. (Appeal from judgment of Steuben County Court, Finnerty, J.—burglary, second degree; petit larceny, four counts.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.