OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On October 15, 1992, defendant was arrested and charged with rape in the first degree. While in custody at the station house subsequent to his arrest, defendant fled. He was apprehended later that day, charged with escape in the first degree and arraigned on the rape charge. After the arraignment, the presiding Judge requested that the court clerk prepare a securing order. Bail was set at $10,000, which defendant was unable to post, and he was subsequently incarcerated in the county jail. The next day, defendant was returned to court for arraignment on the escape charge. Following this arraignment, defendant was again returned to jail. On November 25, 1992, defendant was transported from jail to court for a conference with his attorney. After the conference, defendant
 
 *1051
 
 could not be located. Not until later that day was defendant taken back into custody.
 

 A Grand Jury returned an indictment on December 18, 1992 charging defendant with rape in the third degree (count one) and two counts of escape in the first degree (count two relating to the October 15 escape, count three to the November 25 escape). A trial on the indictment ensued, and, at defendant’s request, the crime of escape in the second degree was submitted to the jury as a lesser included offense of escape in the first degree as charged under count two. The jury acquitted defendant of rape and convicted him of escape in the second degree under count two and of escape in the first degree under count three. Defendant was sentenced to a minimum term of l1/s years to a maximum term of 4 years for the escape in the second degree charge under count two and a minimum term of l1/2 years to a maximum term of 41/2 years on the escape in the first degree charge under count three, both sentences to run concurrently.
 

 Defendant’s conviction was upheld on appeal, over a two-Justice dissent
 
 (see, People v Richardson,
 
 216 AD2d 915). One of the dissenting Justices granted defendant leave to appeal to this Court. On this appeal, defendant maintains that the Appellate Division erred in holding that (1) he waived any objection to the submission of the lesser included offense of escape in the second degree under count two of the indictment and (2) the evidence was sufficient to convict him of escape in either the first or second degrees.
 

 Defendant argues that the trial court improperly submitted the lesser included offense of escape in the second degree to the jury because the People failed to prove that when he escaped on October 15, 1992 he was under arrest for a class C, D or E felony. However, by affirmatively requesting that the trial court submit the lesser charge to the jury, defendant waived his right to challenge the submission of the lesser charge on appeal
 
 (see, People v Ford,
 
 62 NY2d 275, 283). Defense counsel’s objection to the charge was addressed solely to the wording of the charge and was therefore insufficient to revoke this waiver.
 

 Defendant further contends that the evidence was insufficient to convict him of escape in the first degree because the People failed to produce the securing order pursuant to which defendant was in custody on November 25, 1992. Production of the securing order is not, however, necessary to establish this charge. The trial testimony of the court clerk, who indicated
 
 *1052
 
 that she was directed by the Judge to prepare the securing order after defendant’s arraignment on the rape charge, together with the testimony of the investigator who was present at the arraignment, relating that the Judge set bail and signed a securing order, establishes that defendant was in custody pursuant to court order
 
 (see,
 
 CPLR 4543).
 

 Defendant’s other arguments are either unpreserved or devoid of merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.