■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SCOTT, Appellant. [774 NYS2d 387]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered September 10, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly submitted to the jury two counts of murder in the second degree (*see* Penal Law § 125.25 [1], [2]), with careful instructions to consider only one of the two theories (*see People v Sanchez*, 98 NY2d 373 [2002]; *People v Gallagher*, 69 NY2d 525, 529-530 [1987]). The defendant further contends that Penal Law § 125.25 (2) and § 125.15 (1) are indistinguishable and therefore submission of both charges constituted error. Because the defendant requested the Penal Law § 125.15 (1) charge, he failed to preserve his claim of error for appellate review (*see People v Richardson*, 88 NY2d 1049, 1051 [1996]; *People v Ford*, 62 NY2d 275, 283 [1984]). In any event, the Court of Appeals has rejected the argument that the two statutes are indistinguishable (*see People v Roe*, 74 NY2d 20, 24-25; *People v Register*, 60 NY2d 270, 276-277 [1983], *cert denied* 466 US 953 [1984]). A contrary ruling by the United States District Court for the Southern District of New York (*see Jones v Keane*, NYLJ, June 7, 2002, at 25, col 3) is not binding on this Court (*see Matter of DeBellis v Property Clerk of City of N.Y.*, 79 NY2d 49, 57 [1992]; *People v Brown*, 235 AD2d 344 [1997]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.