People v Dorismond (2024 NY Slip Op 50686(U))

[*1]

People v Dorismond

2024 NY Slip Op 50686(U)

Decided on June 11, 2024

Supreme Court, Kings County

Daniels-DePeyster, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2024
Supreme Court, Kings County

People of the State of New York

against
Caulito Dorismond, Defendant

Indictment No. 71521-24

ADA Salvatore Prince for DA Eric Gonzalez, Kings County, District Attorney's Office 
Max Sullivan of Brooklyn Defender Services for the defendant

Claudia Daniels-DePeyster, J.

The indictment charges the defendant with Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03(3)) and other related offenses. The defendant moves for various relief in an omnibus motion. The People have filed an opposition. After careful review of the submissions of the parties and all relevant legal authority, the defendant's motion is decided as follows:
I. Grand Jury Minutes
The Court has conducted an in-camera inspection of the minutes of the grand jury proceedings. When assessing the sufficiency of the evidence before a grand jury, courts must evaluate "whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted — and deferring all questions as to the weight or quality of the evidence — would warrant conviction" (People v. Mills, 1 NY3d 269, 274-275 [2003]). Upon review of the evidence presented, including the supplied exhibits, this Court finds that there was legally sufficient evidence to support the charged offenses (CPL § 190.65; People v. Jennings, 69 NY2d 103 [1986]; People v. Swamp, 84 NY2d 725 [1995]).
The Court further finds that the Assistant District Attorney properly instructed the Grand Jurors on the applicable law (People v. Calbud, Inc., 49 NY2d 398 [1980]; People v. Lyons, 391 AD2d 508 [2d Dept, 2002]). The instructions set forth the essential elements of the crimes to be considered by the Grand Jurors and did not impair the integrity of the grand jury (id.).
II. Remaining Motions
The Court grants Dunaway/Mapp/Huntley and "voluntariness" hearings. The Court also grants an Ingle hearing over the People's objection.
As to the motion for a Sandoval/Ventimiglia hearing, this branch of defendant's motion is reserved for decision by the trial judge.
Further, the People are reminded of their preservation and disclosure obligations under Article 245 of the Criminal Procedure Law, including their obligations pursuant to Brady and its progeny.
The foregoing constitutes the Decision and Order of the Court.
Dated: Brooklyn, New York
June 11, 2024